## EL PASO ELECTRIC CO. v. NATIONAL LABOR RELATIONS BOARD.

### No. 9401.

Circuit Court of Appeals, Fifth Circuit.

April 25, 1941.

Rehearing Denied May 31, 1941.

C. R. Wharton and Dillon Anderson, both of Houston, Tex., and Volney M. Brown and J. C. Brooke, both of El Paso, Tex., for petitioner.

Robert B. Watts, Gen. Counsel, and Thomas I. Emerson, Associate Gen. Counsel, National Labor Relations Board, both of Washington, D. C., for respondent.

Julian P. Harrison, of El Paso, Tex., for intervener.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

The El Paso Electric Company, a Texas corporation, is engaged in interstate com-

582

merce as a public utility company, in the production and distribution of electric current and other activities. In October, 1935, complaint of unfair labor practices was filed against it with National Labor Relations Board by Local Union 585, International Brotherhood of Electrical Workers. After an extensive hearing, at which much evidence was adduced, the Board entered an order, in substance, as follows: To cease and desist; from dominating or interfering with the administration of the El Paso Electric Company Employees' Alliance; giving effect to any contracts with said Alliance; from discouraging membership in Local Union 585 International Brotherhood of Electrical Workers, or any other labor organization, by discriminating in regard to hire or obtaining employment or any term or condition of employment; and from in any other manner interfering with, restraining or coercing its employees in the right to self-organization and to bargain collectively through representatives of their own choosing. The order further required the Electric Company to withdraw recognition from the company Employees' Alliance; and to offer reinstatement to a number of employees and make them whole for any loss of pay, with certain exceptions.

The El Paso Electric Company petitions for review and the setting aside of the order. By answer, the Board asks its enforcement.

It is unnecessary to extensively review the evidence. There is no doubt the Electric Company assisted and furthered an organization of its employees, El Paso Electric Company Employees' Alliance. In September, 1935, differences arose between the Electric Company and employees who were members of the International Brotherhood and a strike was impending. A committee of citizens intervened and there was an agreement to submit the differences to the National Labor Relations Board. Before any result was obtained, on November 18, 1935, the Electric Company sought an injunction to restrain further proceedings. On February 27, 1936, another strike was called and a number of the employees went out. Some of them, before leaving the plant, committed acts of sabotage, and later, acts of sabotage occurred outside the plant. On February 29, 1936, the Electric Company sent a pay check to each striker for the amount due him marked "final pay check."

■ The Board found the strike was caused by unfair labor practices under the provisions of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., and that the employees were discharged in pursuance of those practices and not for having committed acts of sabotage. The Board dismissed the complaint of the International Brotherhood of Electrical Workers in so far as it alleged that the respondent had refused to bargain with the local union and so far as it asked for an investigation and certification of representatives.

We find substantial evidence in the record sufficient to sustain the Board's findings and the order predicated thereon. N. L. R. B. v. Mackay Radio Co., 304 U.S. 333, 58 S.Ct. 904, 82 L.Ed. 1381; N. L. R. B. v. Newport News Company, 308 U.S. 241, 60 S.Ct. 203, 84 L.Ed. 219; N. L. R. B. v. Waterman S. S. Corp., 309 U.S. 206, 60 S.Ct. 493, 84 L.Ed. 704.

■ The Board concedes, however, that a provision of the order requiring the Electric Company to deduct from the amount paid to the employees any monies received by them during the period for work performed on any state, federal or municipal project and to pay such amount to the appropriate fiscal agencies should be stricken.

The order as so amended is approved and an appropriate decree may be presented.